December 7th, 1810,
Judge Roane
pronounced the following opinion of the Court.
This is an action of Assumpsit, brought by the Appellee against the Appellant, as Sheriff of the County of Halifax. The Declaration contains two Counts. The first states, 1» *290 substance, that a fi. fa. had issued at the suit of Turner against Jones, which came to the hands of the defendant, and was by him levied on three negroes; that, afterwards, a doubt arising as to the title of the said Jones to the said negroes, the defendant, the Sheriff, demanded from said Turner, a bond of indemnity under the Act; which, bond was given ; and that* thereupon the said slaves were exposed to sale, and purchased by the plaintiff, for 104Ü. which the defendant then received from the plaintiff. It then states that an action of Detinue was afterwards brought by one Samuel Pointer for the said slaves, who recovered the same with one penny damages, whereby the plaintiff was obliged to deliver up the said negroes, and pay the damages aforesaid; by reason whereof, the Declaration avers, the defendant became liable to refund to the plaintiff, the price paid for the said negroes, and the costs and charges incurred in defending the suit aforesaid, and, being so liable, assumed to pay the same. There is another Count* for money had and received. On a trial, upon the plea of non assumpsit, the Jury found for the plaintiff the sum aforen said and interest; subject to the opinion of the Court on a case, stating, in substance, that Turner ordered the defendant to take the said negroes in execution ; that he did so ; and, the sale thereof being forbidden, the defendant demanded a hond fiora Turner, which was given, the slaves sold, the money received from the plaintiff, and paid over to Turner ; and that the plaintiff bought the negroes aforesaid, knowing all the circumstances of the title of the party, who afterwards recovered them.
The Superior Court adjudged the law to be in favour of the plaintiff; from which judgment the defendant appealed.
The Court is clearly of opinion that, under the true construction of the Act concerning Sheriffs, (Rev. Code, vol. 2d., p. 160.,) the Sheriff having received the bond of indemnity, was bound to sell the siaves in question. Unless he was so bound, the giving of the bond by the creditor would be a vain ceremony. He is not only so bound, but he is sheltered from any action by the party claiming Hie negroes, unless the obligors in the bond prove insolvent, by the express provision of the 3d section. This Act was made for the ease and relief of the Sheriff, and exonerates him from his common law liability in case of illegal seizures, and from {he measures previously *291 «accessary to be resorted to, to ascertain the property of the goods seized ; we mean, in all cases in which the sale is forbidden, and the bond contemplated by the Act is given. It does not, however, injure the rights of the claimants of the property ; for it interposes other and sufficient defendants, to satisfy their claims, and holds the Sheriff himself also liable, in the event of proving insolvent. This view, however, is merely in relation to the rights of the original claimants of the poverty. U is in exclusion of that« f the prevent Appellee. He standi) only in the shoes of a purchaser of property at a Sheriff’s s:de, and can only go against the Sheriff, for damages, on the ground of an express or implied warranty of the title of the negroes sold, in consequence of being evicted. The Court will not stop to inquire whether the present form of action is adapted to a recovery in favour of the Appellee, being clearly of opinion that he is not entitled to recover against the Sheriff in any form of action.
However the question of warranty may be, in the case of sales made by Sheriffs prior to the Act in question, or in cases not coming within it, no warranty can be implied in the case before us. The Declaration of the Appellee, itself, makes a case under the Act, and in which the Sheriff was bound to sell, whether Ihe negroes belonged to the defendant to ihe.JL fa., or not. We cannot say, therefore, that the Sheriff impliedly warranted the title of the slaves in question. The Appellant has only done what he was bound to do ; he has broken no faith with the Appellee ; he has duly paid over to the creditor the money he received from the Appellee, and has, certainly, neither contracted in law, or equity, to refund it. Whatever redress the Appellee, therefore, may be entitled to, it is not against the Appellant. We are, therefore, unanimously, of opinion that the judgment is to be reversed, and entered for the Appellant-