MONCURE, J.,
delivered the opinion of the court.
The charge in the appellant’s bill that the note of Baldwin to Holliday, in which he was a surety, and which was assigned to the appellee Franklin Taverner, had been paid *185 by the other appellee Thomas Taverner, coexecutor with the appellant, of said Baldwin ; and all the other charges in the bill tending to implicate the said Franklin, or subject him to liability on account of any of the claims therein asserted, being denied in his answer and unsustained by the evidence, it was therefore proper to dissolve the injunction and dismiss the bill as to him.
In regard to the claim of the firm of Stephenson, Neale & Co., of which the appellant was a partner, asserted in the bill, the account is not in the record, though professed to be exhibited; the amount is not stated in the bill except vaguely as amounting to several hundred dollars; the other members of the firm were not made parties to the suit; the appellee Thomas Taverner denied any knowledge of the justice of the claim and called for proof thereof, and relied on the act of limitations, and objected that the other members of the firm were not parties; and there is no evidence in the record to sustain the claim, except that*in “a list of claims, due and unpaid, against the estate of Charles R. Baldwin deceased,” which appears to have been exhibited by Thomas Taverner, is an “account in favor of J. Stephenson & Co., amount not known,” which may have been the claim in question. The bill was therefore properly dismissed as to that claim, without prejudice however, as the dismission in effect was, to any proceeding which may be properly instituted in the name of the said firm for the recovery of said claim.
In regard to the claim of the appellant to a part of the commission charged by Thomas Taverner as executor of Baldwin, it is charged in the bill and admitted in the answer that Thomas Taverner took almost the exclusive charge of the estate, and did almost all the business connected with the administration thereof. He appears to have received all the money of the estate that was received. There is no evidence in the record to show whether the appellant is entitled to any, and if any, what part of the commission. His claim for it, if he have any, is a personal claim against his coexecutor, and could not be asserted in this suit for the recovery of claims against the testator, withottt rendering the bill multifarious and liable on that ground to be dismissed. It was therefore proper to dismiss the bill as to that claim.
In regard to the remaining claim, to wit, the claim of the appellant to have the debt to Holliday, for which he is bound as suretlypaid out of the estate of Baldwin, the principal debtor: when the suit was brought, the appellant had not paid the debt, and probably has not yet paid it. But he is entitled nevertheless, the debt being due, to come into equity by a bill quia timet, against the creditor and the debtor, and compel the latter to make payment of the debt so as to exonerate himself from his responsibility. Story’s Eq. Jur., § 327, 639 and 849. He may enforce *for his exoneration, s.ny liens of the creditor on the estate of the principal; and if the latter be dead, may bring any suit in equity which the creditor could bring for a settlement of the administration account of the estate of the decedent, and for the administration of the assets, whether legal or equitable. The only difference is that he must bring the creditor into court along with him, in order that he may receive the money when it is recovered. The appellee therefore had a right to bring this suit for the recovery of this claim. He ought to have brought it, not only for himself, but for all other creditors of Baldwin, who might elect to become parties, and contribute to the costs of the suit. His object was not only to have an account and payment in a course of administration, but to have the assets marshaled if necessary, and the equitable assets, if any, apportioned pari passu among all the creditors; and all the creditors were necessary parties, at least in that general way. 1 Story’s Eq. Pl. § 99. The creditor who was entitled to receive the debt, for which the appellant was bound as surety, should also have been a party ; and so should the heirs or devisees of Baldwin, who were interested in the real estate, sought to be marshaled and applied as equitable assets. The suit was therefore defective for want of parties; but it ought not on that ground to have been dismissed. The appellant should have been permitted to amend his bill and make the necessary parties, unless a decree for an account had been made in some other creditor’s suit, having in view the same objects; in which case it would have been proper to have stayed or dismissed the appellant’s suit, and required him to become a party to the other suit by petition or motion, or proving his claim before a commissioner. “If several suits are depending in favor of different creditors, the court will order the proceedings in all the suits but one to be stayed, and will require *the several parties to come in under the decree in such suit, so that only one account of the estate may be necessary.” Story’s Eq. Pl. § 100, note 2; Hallett v. Hallett, 2 Paige’s R. 15; Ross v. Crary, 1 Paige’s R. 416, note a. If a creditor, with knowledge that a decree had been made in another creditor’s suit for an account of outstanding claims against an estate, should bring a separate suit for his own claim, instead of coming in under the decree, he would have to pay the costs of his suit. And where in a suit for the administration of assets, a decree is made for an account of outstanding claims against the estate, it operates a suspension of all other pending suits of creditors who must come in under the decree, which is considered a decree in favor of all the creditors. This is the settled practice of equity, dictated by the interest of all concerned and the obvious necessity of the case. When the appellant brought his suit, the bill of John J. Jackson, another creditor, for an account and administration of the assets, was pending *186 in the same court; and the appellant had knowledge of the pendency of that bill, for he refers to it and makes it part of his bill. Jackson’s bill was not filed in behalf of other creditors, but as it appeared from the answer thereto at least, that there would-be a deficiency of assets, it was proper in the decree that might be made in that suit to give an opportunity to all other creditors of the testator coming in and agreeing to bear their proportions of costs, to prove their debts before a commissioner within a reasonable time, and participate so far as they . might be entitled, in the distribution of the assets. Story’s Eq. Pl. § 100 note; 2 Paige’s R. 18; Kinney’s ex’ors v. Harvey, 2 Leigh 70. But it does not appear that any decree had been made in that suit when the appellant’s bill was filed; and until such decree, it was competent for another creditor to bring his suit; Jackson’s bill not being on its face a bill for all the creditors. Where ^several such suits are pending at the same time, it seems the decree for an account of outstanding claims “may be made in the cause which is first ripe for a decree, whether that cause was first commenced or not: and that when the decree is made in the younger suit, then the proceedings in the elder suit must be stayed. ’’ Ross v. Crary, 1 Paige’s R. 417, note (a); Jackson v. Leaf, 1 Jac. & Walk. 229, therein cited.
It follows from what has been said, that the decree of the Circuit court, so far as it dissolves the injunction or concerns Franklin Taverner, should be affirmed with costs; and so far as relates. to the partnership account claimed in the bill, and the commission therein claimed, it should also be affirmed; but in all other respects, it should be reversed with costs, and the cause remanded to be proceeded in according to the principles hereinbefore declared. The court declines expressing any opinion on the questions arising on that branch of the case in regard to which it is reversed, considering it premature to do so, as the proper parties are not before the court.
The decree was as follows:
The court is of opinion that there is no error in the said decree so far as it dissolves the injunction, or concerns the appellee Franklin Taverner, nor so far as relates to the partnership account, or the commission claimed in the bill. But the court is further of opinion that instead of dismissing the bill in other respects, the Circuit court should have permitted the appellant to amend it, and make all other creditors of Charles R. Baldwin, who might elect to become parties and contribute to the costs of the suit, plaintiffs with himself; and make the creditor entitled to receive the debt to Holliday in the bill mentioned, for which the appellant is bound as surety, and the heirs or devisees of said Baldwin, defendants; unless a decree had been ^rendered in the suit of John J. Jackson in the proceedings mentioned, or some other creditor’s suit for account and administration of the assets of said Baldwin, and for an account of outstanding claims against his estate; in which case, the appellant should have been required to become a party to any such suit, and prove his claim on account of said debt to Holliday therein; and his own suit should have been dismissed, or further proceedings therein stayed. Therefore, without expressing any opinion on the questions arising on that branch of the case in regard to which the decree is considered erroneous (deemr ing it premature to do so, as the proper parties are not before the court), it is decreed and ordered that so much of the said decree as the court is of opinion is not erroneous as aforesaid, be affirmed with costs to the appellee Franklin Taverner; and that the residue thereof be reversed with costs against the appellee Thomas Taverner, to be levied de bonis testatoris; and that the cause be remanded to be further proceeded in according to the principles above indicated.