SEXTON'S EX'X ET ALS.

*v.*

PATTERSON ET ALS.

(*Supreme Court of Appeals of Virginia, November 15, 1883.*)

[Virginia Law Journal, 1884, p. 72.]

### Practice in Equity—Interlocutory Decree—Appeal.

A party complaining of an interlocutory decree of the kind from which the statute allows an appeal may take such appeal at once, or he may await the entry of a final decree; it is only to final decrees that the two years' limitation for appeals applies. Code 1873, ch. 178, § 2.

### Same—Final Decree.

A final decree is one which disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done by the court in the cause.

### Same—Same—Case at Bar.

In a cause land was sold to satisfy a judgment lien, and one payment of the purchase money had been thus applied when petitions were filed by creditors holding judgment liens upon the land prior to that of the plaintiff, asking to be first satisfied, and a decree was entered directing the payment of their judgments before that of the plaintiff. The proceeds of sale being insufficient to pay all the liens, the plaintiff filed a petition praying that the land be resold; a decree was entered denying the petition: *held*, these were not final decrees.

### Judicial Sales—Caveat Emptor.*

It is well settled in Virginia that the rule *caveat emptor* strictly applies to judicial sales.

*See monographic note on "Judicial Sales" appended to Walker *v.* Page, 21 Gratt. 636 (Va. Rep. Anno.)*.

**Same—Judgment Liens.**

Land having been sold to pay a junior judgment, and the sale confirmed and a decree entered directing the purchase money to be paid to the plaintiff as it is collected, the land is liable in the hands of the purchaser for a prior judgment, and it was error to direct the payment of those judgments out of the purchase money in preference to the plaintiff's judgment, upon petitions filed in the cause by the prior judgment creditors.

**Same—Resale.**

It was not error to refuse a resale at the instance of the plaintiff, no good ground having been shown therefor.

Appeal from circuit court of Bland county.

This case was argued at Wytheville, but decided at Richmond. Bill in equity by Julia Ann Sexton, executrix of John Sexton, deceased, against S. I. Patterson, to be subrogated to the rights of numerous judgment creditors of the said S. I. Patterson, as a constable of Wythe county, which judgments had been discharged by the said John Sexton, who was surety on the official bond of the said Patterson. The facts are sufficiently stated in the opinion. The grounds for a rehearing as shown by the plaintiff in the court below were that no account of liens had been taken in the case ; that the coming in of the bank and Haller changed all the circumstances of the case, introduced facts unknown at the former sale, put the plaintiff at a disadvantage and took her by surprise, and that the upset bid of $2,000 would insure complete justice to all parties.

*Crockett & Blair* and *D. S. Peirce*, for the plaintiffs.

*Williams, Holbrook & Thomas*, for the appellees.

LEWIS, P., delivered the opinion of the court.

The bill was filed in the court below to subject the real estate of the defendant, Patterson, to the satisfaction of cer-

tain judgments which had been obtained against him on his official bonds as a constable of Wythe county, and which judgments had been paid by the plaintiff's testator as a surety on those bonds. A decree was entered directing a sale of the land, and the sale was duly made and confirmed. By the decree confirming the sale, which was entered at the November term, 1874, a commissioner was appointed to collect of the purchaser the deferred payments as they became due, and to pay the same when collected to the plaintiff. At the following August term, the Farmers' Bank of Virginia, and Alex. Haller, trustee, filed their respective petitions in the cause, in which they alleged that they had recovered judgments against the defendant, Patterson, which were liens on his real estate prior to the judgments in favor of the plaintiff; and they prayed that the same be paid out of the proceeds of the sale of the land already made in preference to the plaintiff's judgment.

At the November term, 1877, a decree was entered directing the receiver out of the proceeds of the sale to pay first the bank judgment, secondly the Haller judgment, and lastly the plaintiff's judgments. The fund not being sufficient to pay all the judgments, the plaintiff at a subsequent term, not waiving her rights under previous decrees, filed a petition praying that the land be resold, and offering an upset bid for the same. The prayer of the petition was by decree of August term, 1878, denied, and at the May term, 1881, the cause coming on to be finally heard, and it appearing that the first deferred payment on the land had been paid to the plaintiff, as directed by the decree of the November term, 1874, it was decreed that she repay the amount so paid her to the receiver, and in default thereof the clerk was directed to issue a *fi. fa.* in the name of the receiver, to be levied on the goods and chattels of her testator in her hands to be administered. And thereupon an appeal was allowed by this court.

We have first to pass upon the motion to dismiss the appeal ; and that must be determined with reference to the nature of the decrees of November term, 1877, and of August term, 1878. If either of those decrees is a final decree, then having been entered more than two years before the appeal was applied for, the motion to dismiss must prevail. On the other hand, if neither is a final decree, the motion must be dismissed. The characteristics of a final decree, and the *criteria* by which the nature of such decree is to be determined, are well defined by the repeated decisions of this court. "When the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory." And where the decree "leaves nothing more to be done in the cause, no subject to be acted upon or disposed of, no question to be decided by the court, it is in its nature final." Harvey and wife v. Bronson, 1 Leigh 108 ; Cocke's adm'r v. Gilpin, 1 Rob. R. 20 ; Rawlings' ex'or v. Rawlings *et als.*, 75 Va. 83.

Applying this test to the decrees in question, we are of opinion that neither is a final decree, but that both are interlocutory. The decree of November term, 1877, while it settled the principles of the cause, did not dispose of every question in the case, leaving nothing more for the court to do. It directed the proceeds of the sale of the land to be applied first to the satisfaction of the bank judgment, and then to the satisfaction of the Haller judgment, postponing to both the payment of the plaintiff's judgments. But at the time that decree was pronounced, the first deferred installment of the purchase money had been paid to the plaintiff. And out of this fact arose an important question to be determined by the court, namely, whether the money so paid should be refunded by the plaintiff. Thus the case was not disposed of by that decree, nor by the decree of Au-

gust term, 1878, which simply refused a resale of the land, and it was not until the decree of the May term, 1881, was rendered, requiring the plaintiff to repay to the receiver the money she had received of the purchaser, that the complete relief was given to the senior judgment creditors which was contemplated by the decree of November term, 1877. The statute (Code, ch. 178, sec. 2) allows an appeal from an interlocutory decree "adjudicating the principles of a cause," and from such a decree the party complaining may appeal at once, or he may await the entry of the final decree. It is only in respect to a final decree that the two years' limitation prescribed by the statute in which an appeal may be taken is applicable. Acts of Assembly, 1876–77, pp. 30–31. And as in this case the appeal was applied for within two years after the final decree was rendered, the case is properly here, although the assignment of errors and the prayer of the petition for appeal in terms extended to the interlocutory decrees only, and the order of this court allowing the appeal is in general terms, not specifying the decree or decrees from which the appeal is allowed. The motion to dismiss must, therefore, be overruled.

Upon the merits, the court is of opinion that the decree of November term, 1877, is erroneous. It is well settled in Virginia that the maxim *caveat emptor* strictly applies to judicial sales. The court undertakes to sell the title, such as it is, of the parties to the suit, and the purchaser acquires the title subject to all its defects. The rule necessarily applies to all judicial sales from the nature of the transaction, there being no one to whom recourse can be had for indemnity against any loss which may be sustained. Long *et als.* v. Weller's ex'or *et als.*, 29 Gratt. 347, and cases cited. In the present case it was not necessary to make the judgment creditors of the defendant, Patterson, parties to the suit. It is true that after an account is ordered in a creditor's

suit for the administration of assets, all other pending suits in the same court for the same purpose will be stayed, and all the creditors required to come in under the order for an account in the suit in which such order is first made.    Stephenson v. Taverners, 9 Gratt. 398.    But such is not this case. Here, when the petitions of the bank and of Haller, trustee, were filed the land had been sold, and the sale confirmed, and the proceeds ordered to be paid over when collected to the plaintiff.    The title acquired by the purchaser at the sale was subject to the encumbrances of the judgments of the petitioners, who were at liberty to enforce their liens on the land notwithstanding that sale.    And the circuit court erred in directing the proceeds of that sale to be applied to the discharge of those liens to the prejudice of the plaintiff's judgments.

There is no error in the decree refusing a resale of the land, at the instance of the plaintiff, as no sufficient ground therefor is shown.    Belvin v. Melhorn, 75 Va. 639, and cases cited.

And as the final decree in the case is founded upon and was intended to give the relief contemplated by the decree of November term, 1877, it necessarily follows that it must fall with the reversal of that decree, and a decree will be entered accordingly.

Decree reversed.