GEORGE W. HEAD and others *vs.* GEORGE H. MILLER, Receiver.

February 27, 1891.

**Order for Goods—Evidence to Show Sale or Consignment.**—Where an order for goods is incomplete as a contract, and is consistent as well with a consignment as a sale, and the terms thereof may apply to either, it may be shown to have been given in response to a proposition to deliver the goods upon consignment.

**Insolvency—Rights of Receiver.**—In an action involving the title to such goods, the assignee or receiver in insolvency can assert no better claim than the consignee.

Action brought in the district court for Hennepin county, to recover certain furnaces, of the value of $900, being a portion of those described in the order recited in the opinion. A jury was waived, and the action tried by *Young*, J., who ordered judgment for plaintiffs. The defendant appeals from an order refusing a new trial.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*Edward Savage* and *I. A. Barnes,* for respondents.

VANDERBURGH, J. This action was brought against J. A. Bixby & Co., a hardware firm in Minneapolis, in February, 1890, to recover certain furnaces claimed by the plaintiffs. Subsequently the defendant, Miller, was appointed receiver of the property of Bixby & Co., and was substituted as defendant herein. The defendant, Miller, stands in the shoes of the insolvents, and can assert no other or different right or claim to the property than they possessed. The question, then, to be determined is whether, as against Bixby, the plaintiffs were entitled to claim the property. The goods were, with others, sent to Bixby in April, 1889, constituting together one car-load, in pursuance of an agreement or arrangement between Bixby and plaintiffs' agent, a part of which agreement was reduced to writing in the form of a memorandum, as follows:

"Order No. ——, February 11th, 1889.

Send to J. A. Bixby & Co.

Place, Minneapolis, Minn.

How ship, ———.

Terms, 4 mos. from July 1st list.

13 No. 24 steel furnaces $100.

12 No. 034 "   "   $125.

2 No. 55 furnaces with dia.

2 No. 35   "   .   "   "

—at 60 and 10 per cent. from list, delivered in Minneapolis. It is agreed that Head's Iron Foundry will carry over to next season any furnaces not sold on January 1st, 1890.     J. A. BIXBY & Co."

This memorandum, treated as an order, is not directed to any one, and is incomplete in itself; that is to say, it must be construed in connection with the proposition or offer of the plaintiffs. It does not follow that the terms of the agreement actually expressed in the memorandum may be contradicted or disputed by parol; but the memorandum is consistent with a consignment of the goods, as claimed by the plaintiffs, or a sale, as insisted on by the defendant. The prices or terms specified in the memorandum may apply to either. *Pam* v. *Vilmar*, 54 How. Pr. 235. We think the evidence sufficient to support the finding of the trial court that the goods were taken on consignment, and the *status* of that portion thereof remaining unsold on January 1, 1890, is defined in the memorandum; that is to say, as against Bixby and the receiver, the property in question, when this suit was brought, was, by the mutual understanding of the parties, "carried" by Head's Iron Foundry, which is shown to be the plaintiffs. It was held by Bixby & Co., as bailees, at the risk of the plaintiffs. For this Bixby & Co. had taken pains to stipulate, and it is entirely in harmony with the plaintiffs' alleged claim and the finding of the court that the goods were shipped to them to be sold by them for the plaintiffs, and what they could not sell by January 1st the plaintiffs were to hold, and Bixby & Co. were not responsible for, except as bailees.

Order affirmed.