## EDWARD M. JOHNSON *vs.* CHARLES G. LAYBOURN.

Argued Jan. 16, 1894. Affirmed Jan. 30, 1894.

No. 8335.

**Official sales.**

There is no implied warranty upon a sale by an officer of the law.

**Assignee in insolvency.**

An assignee in insolvency is such officer.

Appeal by plaintiff, Edward M. Johnson, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made February 4, 1893, denying his motion for a new trial.

The Flour City Sash and Door Company, a corporation of Minneapolis, being insolvent, on July 21, 1891, made an assignment under Laws 1881, ch. 148, of its property to the defendant, Charles G. Laybourn in trust for the benefit of its creditors. He accepted the trust and on October 15, 1891, sold at public auction the assigned real and personal property separately. He sold to plaintiff, for $1,500, all the machinery, shafting, belting, pulleys, and the engine, boilers, steam pump, water-heater and purifier and gave him a bill of sale thereof and received the price. This property was a part of the machinery and plant of the insolvent corporation and was situated in its factory buildings on its real estate, Nos. 1608–1620, Monroe Street N. E. This real estate was mortgaged and the mortgage

had been foreclosed and the real estate sold to D. B. Lyon. Lyon claimed that the engine, boilers, steam pump, water-heater and purifier were fixtures and included in the foreclosure sale to him. Plaintiff purchased of the assignee the real estate subject to the rights of Lyon therein. The sales were reported to and confirmed by the court, and the plaintiff was given possession. The time for redemption of the real estate expired December 9, 1891, but it was not redeemed from the foreclosure sale and Lyon obtained the engine, boilers, pump, heater and purifier. On November 14, 1892, the plaintiff brought this action against Laybourn the assignee to recover $1,350 the value of those fixtures. At the trial on January 2, 1893, defendant had a verdict. Plaintiff moved for a new trial. Being denied he appeals.

*Johnson, Leonard & McCune,* for appellant.

*Kellogg & Laybourn,* for respondent.

GILFILLAN, C. J. As the sale of the real estate and of the personal property, had at the same time, passed the title to the articles sued for in this action, whether they were personal property or fixtures, and as possession was delivered, the action can stand only on the proposition that there was an implied warranty that the articles were movables, and not fixtures, so as to be covered by the mortgage on the real estate.

As the buyer knew, as well as the seller, the character of the property, it may be doubted that, had the sale been by a private person, any warranty as to its character could have been implied. But it is well settled that in judicial sales the rule *caveat emptor* applies. *Barron* v. *Mullin,* 21 Minn. 374. The rule also applies to official sales; that is, sales made by and as officers of the law, such as sheriffs, constables, etc., under writs of execution, though they are not strictly judicial. *The Monte Allegre,* 9 Wheat. 616; *Worthy* v. *Johnson,* 8 Ga. 236; *Hensley* v. *Baker,* 10 Mo. 157; *Chapman* v. *Speller,* 14 Q. B. 621; *Morgan* v. *Fencher,* 1 Blackf. 10; *Rodgers* v. *Smith,* 2 Ind. 526; *Bostick* v. *Winton,* 1 Sneed, 525; *Yates* v. *Bond,* 2 McCord, 382; *Bashore* v. *Whisler,* 3 Watts, 490; *Davis* v. *Hunt,* 2 Bailey, 412; *Stone* v. *Pointer,* 5 Munf. 287.

In case of such sales, official, as well as judicial, the buyer is, un-

less the officer assumes to do more, bound to know that the latter sells only what he is authorized to sell, and to sell it just as it is.

An assignee under the insolvent law is an officer of the court. His title and all his acts are official.

Order affirmed.

(Opinion published 57 N. W. Rep. 935.)