# 𝔐𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## MILLER v. BYERS.

### JANUARY 24, 1901.

1. CHANCERY PRACTICE—*Several Liens for Same Debt—Stay of Proceedings.*—A creditor having two distinct liens on separate subjects, as deed of trust and judgment for the same debt, but binding different properties, may proceed upon both at the same time, although he is entitled to but one satisfaction. Under some circumstances, however, as where several creditors' bills are filed to subject the same property, a court of equity may stay proceedings in one or more suits, and require them to be heard with another having priority in time and right.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 27, 1900, in a suit in chancery, wherein the appellant was the complainant, and the appellee was the defendant.

*Reversed.*

The opinion states the case.

*A. C. Braxton,* for the appellant.

*J., J. L.,* and *R. Bumgardner,* for the appellee.

HARRISON, J., delivered the opinion of the court.

In April, 1896, the appellee, Samuel Byers, finding himself involved and pressed by some of his creditors, conveyed certain real and personal property to John A. Alexander, in trust, to secure all of his creditors, among others a debt of $1,500, and

interest, to the appellant, Elizabeth K. Miller. By deed of even date with this trust deed, appellee, in consideration of the release of her contingent dower rights in the lands conveyed for the benefit of creditors, conveyed to his wife, Martha A. Byers, a tract of land containing 111 acres. At the May term, 1896, of the Circuit Court of Augusta appellant obtained, upon her debt, a judgment which was duly docketed. In May, 1897, appellee filed his bill against Alexander, trustee, and others, alleging abuse by him of his trust, and particularly that it was not necessary to sell all the real estate conveyed for the benefit of creditors. The bill prayed that the trustee be enjoined from selling any of the real estate except a tract of mountain land and a small house and lot; that the trustee be required to give bond for the faithful discharge of his duties; that the lands conveyed in the trust deed he farmed under the management of appellee, to the exclusion of the trustee; and that the cause be referred to a commissioner for a settlement of the trustee's accounts, and a report of the trust assets and debts. It appears that, before the date of the deed to Alexander, trustee, appellee had sold another farm to his son, J. W. Byers, reserving a vendor's lien to secure certain purchase money bonds which were subsequently transferred by him to John W. Paul, and a suit was brought by Paul against J. W. Byers and others to enforce this vendor's lien. Subsequently Alexander, trustee, brought a third suit against J. W. Byers and others involving the administration of his trust. Thereupon, at the November term, 1897, these three causes were brought on to be heard together, and referred to a commissioner to take certain accounts. Under this order of reference, the judgment due to appellant was duly audited, and she has since received several small payments thereon. The personal property conveyed to Alexander, trustee, appears to have been wholly insufficient to pay the debts, and as a result of the litigation in these causes, waged chiefly between the appellee and Alexander, trustee, there has, after the lapse of four years,

been sold no part of the real estate to satisfy the demands of creditors, and the appellee debtor, has, in the meantime, been in the uninterrupted possession and enjoyment of the same.

In the year 1900 Martha A. Byers died, leaving a will, giving to the appellee, her husband, the farm he had conveyed to her in consideration of her release of contingent dower rights. This will was admitted to probate in March, 1900, and in April, 1900, the appellant brought this suit on behalf of herself and other lien creditors to subject the tract of land acquired by appellee under the will of his wife to the satisfaction of her judgment. To this bill the appellee, Byers, filed his demurrer and answer, and thereupon the court entered the decree appealed from, holding, as stated therein, "that the plaintiff in this cause, having elected to choose under the trust deed of Samuel Byers to J. A. Alexander, to secure the creditors of said Byers, and become a party to the chancery suits administering and executing the trusts expressed in said deed, is now precluded from instituting separate proceedings for the enforcement of her debt, and that this suit should be therefore dismissed; therefore, it is adjudged, ordered and decreed that this cause be dismissed from the docket, and that the plaintiff do pay to defendant his costs in this behalf expended, and that execution do issue for the amount of such costs."

This action of the Circuit Court is without precedent, and erroneous. The rules of law in regard to the election of remedies have no application to the case. The appellant has two distinct liens on two separate subjects. One, the lien of the Alexander, trustee, deed on the property thereby conveyed, and the other, the lien of her judgment on the land derived by her debtor from his wife, which is not included in, or in any way connected with, the Alexander trust, or the suits in which that trust is being administered.

A creditor having two different securities, or two sets of obligors bound for. his debt, may proceed against both at the

same time, although he is entitled to but one satisfaction. *Asberry* v. *Asberry*, 33 Gratt. 471. If the law be as contended for by appellee, then no matter how insufficient the assets under the trust deed might be to satisfy the creditors, or how protracted and discouraging that pursuit might be, and no matter how extensive the value of the after acquired property, the debtor would be left indefinitely to enjoy his after acquired estate, while his creditors were pursuing to the point of exhaustion the fight he had precipitated and led them into under the trust deed. But, conceding that the security under the trust deed, was ample in the end, to satisfy appellant's debt, and that she had been vigorously prosecuting her claim in the suits brought to administer such trust, that would not affect her rights as a judgment lienor against other property not involved in those suits, or warrant the court in dismissing her suit brought to enforce her judgment lien against the same, thereby taking from her a clear legal right, by limiting her to one security, when she is entitled, until paid, to two.

There may be circumstances when it would be proper for a court of equity to stay proceedings in one or more suits, and require them to be heard with another having priority in time and right, as where several creditors' bills are filed to subject the same property. Barton's Ch. Pr., Vol. 2, p. 860; *Stephenson* v. *Taverners*, 9 Gratt. 398; *Barger* v. *Buckland*, 28 Gratt. 850.

The exact status of appellant's debt, or whether she is likely to realize the same, from the suits brought to administer the Alexander trust, within a reasonable time, does not clearly appear from the record before us. It does appear that four years after giving the deed of trust for the benefit of his creditors the debtor is still in the enjoyment of all the real estate conveyed, while his creditor has only received several small payments on her debt.

Appellant has a plain legal lien upon real estate that is not involved in the Alexander trust litigation, which she has a right

Opinion.

to enforce, and she cannot be required to await the result of that litigation, if by prosecuting her own suit she can realize her debt more speedily.

Without holding, at this time, that appellant shall be allowed to prosecute her suit at once, to a decree for the sale of the after acquired property of her debtor, but leaving that question to the determination of the Circuit Court, in the light of the facts before it, the decree appealed from will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*