## Staunton.

KIRK v. OAKEY AND OTHERS.

September 9. 1909.

Absent, Keith, P.

1. JUDICIAL SALES—*Right of Purchaser Before Confirmation—Removal of Encumbrances—Parties.*—Although the doctrine of *caveat emptor* applies to judicial sales, nevertheless, a purchaser in good faith at such a sale is entitled to a marketable title, and will not be compelled to accept a defective title if objection on account of such defects be made before confirmation. If the objection be that there are encumbrances on the land, the encumbrancers should be brought before the court and their rights determined. They cannot be determined in the absence of the parties in interest.

Appeal from a decree of the Corporation Court of the city of Roanoke. A sale of real estate was made under a decree rendered in the suit of *Oakey, Exor.,* v. *Woolwine,* and at such sale W. V. Kirk became the purchaser. He refused to comply with the terms of sale on account of an alleged defect of title. From a decree compelling him to comply, Kirk appeals.

*Reversed.*

The opinion states the case.

*Shackleford & Gish* and *C. G. & M. H. Moomaw,* for the appellant.

*McClung & McClung* and *Robertson, Hall, Woods & Jackson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The sole question involved in this appeal is the right of the appellant, W. V. Kirk, the purchaser of the lot in controversy

at a judicial sale, before confirmation, to protect his title by
having alleged holders of outstanding liens upon the property
convened and their rights judicially ascertained and determined.

Kirk, having been advised of the defects in the title, de-
clined to comply with the terms of sale; whereupon the court
awarded a rule against him to show cause why the property
should not be resold at his risk.

In answer to the rule he alleged that the title to the property
was defective; being encumbered by sundry judgments against
a former owner, and also by certain contingent dower rights
therein, to which he called the attention of the court, and prayed
that the alleged encumbrancers might be made parties and their
rights adjudicated.

Though the principle is well settled that the doctrine of *caveat
emptor* applies to judicial sales (*Stone* v. *Painter,* 5 Munf. 287;
*Long* v. *Weller,* 29 Gratt. 347; *Bulin* v. *Melhorn,* 75 Va. 639;
*Smith* v. *Wersham,* 82 Va. 937, 1 S. E. 331; *Sexton* v. *Pat-
terson,* 1 Va. Dec. 551; *Flanary* v. *Kane,* 102 Va. 547, 46 S.
E. 312, 681), nevertheless it is likewise true that a purchaser
in good faith at such sale is entitled to a marketable title, and
will be protected where objection is made to defects in the title
before confirmation. *Threlkels* v. *Campbell,* 2 Gratt. 198, 44
Am. Dec. 384; *Young* v. *McClung,* 9 Gratt. 336; *Long* v. *Wel-
ler, supra; Thomas* v. *Davidson,* 76 Va. 338; *Boyce* v. *Strother,*
76 Va. 862; *Hickson* v. *Rucker,* 77 Va. 135.

The rule is thus stated in Rorer on Judicial Sales, secs. 155,
156: "But such purchaser at a judicial sale may not be thus
compelled to complete the sale if the title be defective, nor to
pay the consideration money until the defect, if there be one, is
obviated; for although the rule *caveat emptor* applies after the
sale is closed by payment of the purchase money and delivery
of the deed, if there be no fraud, yet the buyer, if he discover
the defect beforehand, will not be compelled to complete the sale.

"Sec. 156. And, therefore, if a rule be made against him with
a view to enforcing compliance with his bid, he may, on appear-

ance thereto, have an order of reference to inquire into and report the state of the title to the property, and if the title prove to be doubtful and incurably defective, he will not be coerced into completion of the purchase."

In 2 Bar. Chy. Pr. (2d ed.), p. 1189, it is said the purchaser has a right to have omitted parties brought in; and in note 4, p. 1190, that "he may before confirmation make objections to defects in the title and have them remedied, but such objections made afterwards come too late, except in cases of after-discovered mistake, fraud and the like." Citing *Watson* v. *Hoy,* 28 Gratt. 698; *Thomas* v. *Davidson,* 76 Va. 338; *Nutt* v. *Summers,* 78 Va. 170.

For an exhaustive discussion of the general subject see monographic note on Judicial Sales, at end of the case of *Walker* v. *Page,* Va. Rep. Ann. (21 Gratt.), bottom page 951.

It was a vain ceremony for the lower court to undertake to determine the question of encumbrances in the absence of the parties in interest. The decree had no binding effect, and the purchaser was denied the redress to which he was plainly entitled upon the facts developed under the well-settled practice in such case.

For these reasons the decree must be reversed and the case remanded for further proceedings in conformity to the views expressed in this opinion.

*Reversed.*