THE INNER SHOE TIRE COMPANY, Appellant, v. KNAPP BROWN & COMPANY, Respondent.

(163 N. W. 572.)

(File No. 4083. Opinion filed June 26, 1917.)

**Evidence—Sales—Order for Goods, Whether a Sale?—"Shoes" to be Vulcanized by Consignee for Use by Third Parties— Oral Evidence, Admissibility.**

Where defendant gave plaintiff an order for certain "inner shoes," being linings for auto wheel casings, which goods were received by defendant, held, that oral evidence was properly admitted against objection that it contradicted terms of the written order; such evidence tending to show that orders for such "shoes" had already been taken by plaintiff from various auto owners, that defendant, by means of its vulcanizing outfit, was to install such linings for plaintiff, collect amounts due from those who had ordered the "shoes," and remit the proceeds to plaintiff after deducting defendant's compensation; defendant having the right, under the contract (which was wholly oral), to return to plaintiff such "shoes" as were not accepted by those ordering same; that the giving of such order

by defendant was not inconsistent with defendant's claim that the contract was one of consignment of the goods to it to handle as agent of plaintiff; the order not necessarily evidencing a sale. Janssen v. Muller, 38 S. D. 611, 162 N. W. 393, distinguished.

Appeal from the Municipal Court of the City of Sioux Falls. Hon. ALPHA F. ORR, Judge.

Action by The Inner Shoe Tire Company, against Knapp Brown & Company, to recover for value of goods shipped by plaintiff to defendant under a written order. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Morris & Caldwell,* for Appellant.

*Bailey & Voorhees,* and *P. G. Honegger,* for Respondent.

(1) To point one of the opinion, Appellant cited: Civ. Code, Sec. 1239; De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532; Gail Mfg. Co. v. Finkelstein, (Tex.) 59 S. W. 571; Cameron Coal & Merc. Co. v. Octave Block et al., (Okla.) 31 L. R. A. (N. S.) 618; Ohio Electric Light Co. v. Wisconsin-Minnesota Light & Power Co., (Wis.) 155 N. W. 112; Ady v. Barnett, (Wis.) 124 N. W. 1061; Jackowski v. Ill. Steel Co., 103 Wis. 448, 454, 79 N. W. 757.

Respondent submitted that: Exhibit "2" is not a contract, but merely a shipping instruction; (2) that the real contract between the parties was the oral agreement between appellant agent, Hall, and respondent, and that Exhibit "2" was merely a shipping instruction designating the place where the merchandise was to be shipped; (3) that there never was a contract of sale intended either by the respondent or by Hall; and cited: Civil Code, Secs. 1251, 1249, 1256, 1258; National Cash Register Company v. Pfister, 5 S. D. 143; Sioux Remedy Company v. Lindgren, 130 N. W. 49 (S. D.); De Rue v. McIntosh, 26 S. D. 42; Babcock v. Deford & Co., 14 Kan. 408; Kimm v. Wolters, 133 N. W. 277 (S. D.); McCaskey Register Co. v. Hall, 117 N. W. 1124 (Iowa); Crook v. Findanque, 110 N. Y. S. 198; Brooks Co. v. Wilson, 105 N. E. 607 (Mass.); Walker v. France, 5 Atl. 208 (Pa.); Chapin v. Dobson, 78 N. Y. 74; Head v. Miller, 48 N. W. 192 (Minn.); Phelps v. Whitaker, 37 Mich. 72; Welz v. Rhodius, 87 Ind. 1; Harris v. Marsh, 217 Fed. Rep. 555 (C. C. A. 8th Cir.).

WHITING, J.  Plaintiff brought this action to recover an amount which it claimed to be due for goods shipped defendant under a written order, which order was in words and figures as follows:

Order No. 142.                                    Aug. 17, 1914.

Inner Shoe Tire Company.

Ship to Knapp Brown & Co., at Sioux Falls, S. D.

How ship: Fgt.                              When:  At once.

Terms:  5%.  10d. 30 net.

Red Inner Shoes.

| | | | |
|---|---|---|---|
| 4 | 32x3½ | $ 6 75 | $ 27 00 |
| 8 | 33x4 | 9 25 | 74 00 |
| 1 | 34x4 | 9 25 | 9 25 |
| 1 | 35x4½ | 11 75 | 11 75 |
| 4 | 36x4½ | 11 75 | 47 00 |
| 2 | 37x4½ | 12 50 | 25 00 |
| 4 | 37x5 | 14 00 | 56 00 |

35% discount.                                        230 00

                                                     250 00

Will send list.

Buyer:  Knapp Brown & Co.

Salesman:  C. F. Hall.

Defendant, answering, admitted the giving of the order and receipt of the goods, but denied that the transaction between plaintiff and defendant amounted to a sale and purchase of said goods, and alleged that said goods were consigned to defendant to be handled by the defendant for the plaintiff.  Upon the trial the plaintiff introduced the written order in evidence, proved that the goods were shipped to and received by defendant, and that defendant had not paid for same.  Over plaintiff's objection that it was incompetent because it tended to contradict the terms of the written order, defendant offered and there was received oral testimony tending to prove that the goods were consigned and not sold to defendant.  Verdict and judgment were for the defendants.  From such judgment and an order denying a new trial this appeal was taken.

The only question requiring our attention is whether the trial court rightfully admitted the oral testimony received on behalf of

the defense.   The question presented to us is not the right to
prove, by oral evidence, a collateral contract, as was the ques-
tion in Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512.   Neither
is it the question of a right to prove surrounding circumstances
to assist in the construction of a contract, the question passed
on in Janssen v. Muller, 162 N. W. 393.   Neither is the question
before us the broad question of the right of a party to prove all
the terms of a contract, where but a part thereof has been reduced
to writing, though this appeal might undoubtedly be disposed of
under the well-established rule in relation thereto.   The sole ques-
tion we care to consider is whether the proof received tended to
contradict the written order.   Let us suppose that, as a matter of
fact, an arrangement had been entered into, as testified to by
respondent, under which arrangement appellant was to ship to
respondent, the owner of a vulcanizing outfit, the "Inner Shoes,"
the same being linings for auto wheels casings, orders for which
had already been taken by appellant from various owners of
autos; respondent, by means of its vulcanizing outfit, was to
install such linings for appellant; respondent was to collect the
amount due from the parties who had ordered such "Shoes" and
remit the amount collected, less the discounts which it should
retain as its compensation; and respondent could return to appel-
lant such "Shoes" as were not accepted by those ordering same.
Such being the relation of the parties, would it be inconsistent
therewith for respondent to send in this order?   This writing
was not the contract.   The contract was wholly oral.   Neither
party had any thought of reducing the contract to writing or of
preparing any memorandum evidencing the nature of the contract
and thus establishing, in writing, the relation of the parties.   To
carry out this oral contract, this written order was sent appellant
by respondent.   It is a printed form prepared by appellant.   By it
appellant was advised of what goods should be shipped, and
respondent was advised of the list price of the goods and the
discounts to be allowed it, as well as of the time within which it
was to account for any sums that might become due to appel-
lant.   There was nothing in the writing that necessarily evidenced
a sale—nothing inconsistent to respondent's claim that the con-
tract was one under which the goods were to be consigned to

it to handle as the agent of appellant.  Pam v. Vilmar, 54 How. Prac. (N. Y.) 235.

Let us suppose that respondent had failed in business and appellant was now seeking to regain possession of such "Shoes" as still remained in possession of respondent. Could it be claimed that, on account of this written order, appellant would be estopped from proving that respondent was merely the agent of appellant to whom appellant was consigning these goods for disposition on a commission?  Certainly not.  Head v. Miller, 45 Minn. 446, 48 N. W. 192.

A case peculiarly like this one was that of Babcock v. Deford, 14 Kan. 408.  Plaintiff sued upon a written order similar to this, and the trial court admitted testimony tending to prove that such order was sent pursuant to the terms of an oral contract which contract contemplated a conditional sale; defendant to have a right to return such goods as remained unsold at end of six months. In the course of the opinion we find the following language, which is very pertinent to the facts before us:

"The writing does not in terms assert an absolute purchase, or contain an express promise to pay.  True, the law will, in the absence of other testimony, upon a receipt of the goods, imply a promise to pay; but this is not a necessary inference from the language, and might be changed by extrinsic circumstances.  Thus, if the defendants were only commisison merchants seeking consignments, known to be such by plaintiff, the course of business might be such between the parties as to justify the inference that this was but an application for a consignment, with limit as to price and time."

The judgment and order appealed from are affirmed.