## MAUD M. BISHOP v. W. J. LaBREE AND OTHERS.[1]

April 5, 1940.

No. 32,335.

*Gordon LaBree* and *Garfield H. Rustad,* for appellant.
*Theodore Quale,* for respondent.

LORING, JUSTICE.

The case is before us upon an appeal from an order of the trial court denying defendant's motion for amended findings or a new trial. We review only the order denying a new trial. Defendant LaBree is the only answering defendant and will be referred to as "defendant."

The errors are not properly assigned under Rule VIII(3)(d), but since appellant is represented by nonresident counsel unfamiliar with our practice we shall consider the questions sought to be raised. The action sought possession of certain real property in Thief River Falls coupled with a prayer for an accounting of rents and profits.

From the record it appears that in 1924 plaintiff, Maud M. Bishop, contracted to convey the property by deed to Adolph and

[1]Reported in 291 N. W. 297.

Sigrid Erickson, husband and wife, for $1,310.33, for which the Ericksons gave two promissory notes, one for $310.33 payable on demand, and the other for $1,000 payable in instalments. Plaintiff's husband, J. M. Bishop, did not join her in the execution of the written contract. However, the property was not a homestead, and he has since died. In June, 1925, plaintiff gave her note to Strathcona State Bank for $1,000. On December 23 of the same year, plaintiff by a writing on the back of the contract for deed assigned "all of my right, title and interest in the within contract to the Strathcona State Bank of Strathcona, Minnesota." Apparently the Erickson notes were indorsed over to the bank at this time too. She testified, and the trial court found, that these instruments were assigned to the bank to secure plaintiff's indebtedness to the bank. Also, on December 23, by an indorsement immediately following plaintiff's on the back of the contract for deed, the bank assigned in blank "all of our right, title and interest in the within instrument. Strathcona State Bank, by J. M. Bishop President. By M. Christianson, Cashier."

On December 28, 1925, the Strathcona bank was closed and taken over by the state banking department for liquidation. The Ericksons had made substantial payments on the contract to the bank before it closed, but nothing since that time. Mrs. Erickson died in 1928. In February, 1932, the state banking department conducted a public sale of the assets of the bank, including the contract and notes above mentioned. Defendant purchased these assets at the sale. In 1933 Erickson abandoned the property and has made no claim to it since. In February, 1934, defendant caused a notice of cancellation to be served upon Adolph Erickson. Thereafter, defendant went into possession of the premises, collected rents, and paid some taxes.

July 1, 1936, plaintiff, according to her testimony and the findings of the court, made a settlement with defendant of all indebtedness formerly owed the bank by her family, and he signed a receipt for $125 as payment for—

"assignments of the three following judgments:

"Strathcona State Bank vs. Maud M. Bishop,

"Strathcona State Bank vs. J. M. Bishop,

"American National Bank vs. J. M. Bishop.

"It is understood that this also includes any notes or accounts or mortgages held by the Goodridge State Bank against J. M. Bishop, Maud M. Bishop, Miriam Bishop, or Morland Bishop if any there be which I may secure."

The record is barren of any evidence that the plaintiff's note to the bank had been put in judgment, but it is undisputed that her $1,000 note, to secure which she had assigned the Erickson contract, was her only obligation to the bank. The court was justified in regarding the reference in the receipt as one to the $1,000 note. Shortly after this settlement defendant returned the note to plaintiff.

Defendant contends that the return of the note to plaintiff was a gift without consideration and had no connection with the settlement, that the Erickson contract and notes are things apart from plaintiff's note to the bank, and that he did not surrender them. He argues that he did not know the Erickson notes and contract were assigned to the bank as collateral merely, but took it for granted plaintiff had intended to pass her whole interest in those instruments. It is also his contention that plaintiff is now estopped to assert that her assignment of the Erickson notes and contract to the bank was only a pledge.

The trial court found as a fact that Mrs. Bishop's assignment of the Erickson notes and contract to the bank was a pledge of her interest in the contract as security for her note. There is evidence to sustain the finding, in fact it well-nigh compels such a finding, so we may not disturb it. The receiver took no more than the bank had, and of course could sell no more. Head v. Miller, 45 Minn. 446, 48 N. W. 192. The rule of *caveat emptor* applies in judicial sales. Johnson v. Laybourn, 56 Minn. 332, 57 N. W. 933. At any rate, defendant bought the note long after maturity and subject to any defense between the original parties.

The bank, or, upon its insolvency, the receiver, was no more than a pledgee of the Erickson papers. And defendant purchasing at the sale received no more than that interest. Then, when he acknowledged payment of plaintiff's debt to the bank for a sufficient consideration, the pledge was wiped out.

Order affirmed.

MR. JUSTICE JULIUS J. OLSON took no part in the consideration or decision of this case.