# Staunton.

## HURN V. KELLER.

### September 25, 1884.

1. PRACTICE IN CHANCERY—*Creditor's Bill.*—A bill sets up complainant's claim only, and does not purport to be a creditor's bill, yet it may be treated as such. Creditors may come in by petition as plaintiff. A decree of account of debts may be entered, which will operate a suspension of all other suits of creditors, who must prove their debts under said decree. *Ewing* v. *Ferguson*, 33 Gratt. 548.

2. IMPROVEMENTS—*Allowance for—Heirs.*—Statute (Code 1873, ch. 132) providing allowance for improvements by defendant, against whom decree or judgment is rendered for land held by him under title believed by him to be good, *applies not* to the case of an heir, who, after suit, to which he is a party, to settle his ancestor's estate, and after decree to sell the real estate, but before it is all sold, buys, under *bona fide* belief that it would be unnecessary to sell all in order to pay the debts, the shares of his co-heirs in a part of the unsold real estate, and erects thereon permanent improvements. *Græme* v. *Cullen*, 23 Gratt. 266.

3. LIS PENDENS—*Common Law Doctrine—Statute.*—Independent of statute, purchaser, *pendente lite* from party to suit of the subject thereof, takes it bound in his hands by any decree rendered against his vendor in that suit touching said subject. By statute (Code 1873, ch. 182, ¿ 5) such purchaser is not bound by such decree, unless and until the *lis pendens* is recorded, as thereby directed; *provided* he purchased without actual notice of the pending suit. *Easley* v. *Barksdale*, 75 Va. 280.

Appeal from two decrees of circuit court of Shenandoah county, rendered April 4th and September 19th, 1883, in the chancery cause of Joseph Keller against Isaac Hurn's adm'r and heirs. Hurn having died intestate, Keller sued to settle his estate and subject it to pay his claim. Account of all debts

was directed, taken, reported, and confirmed, and decree entered, directing Luther Hurn, administrator, and one of the heirs of Isaac Hurn, deceased, and party to the suit, as special commissioner, to sell the real estate. He sold part thereof in 1870.

In 1874, when it was believed by Luther Hurn that it would not be necessary to sell all of the decedent's real estate in order to pay his debts, he procured a conveyance to himself from his co-heirs, of a certain unimproved lot of land in the town of Strasburg, valued at fifty dollars, and erected thereon permanent improvements, which cost $1,500, and enhanced the value of the lot $800. In April, 1882, it appearing that it was necessary to sell all of the decedent's real estate, Allen and Walton, special commissioners, were directed to sell, and they sold for $770, the lot which Luther Hurn had improved. Luther Hurn presented his petition praying for an allowance under Code 1873, chapter 132, for the said improvements. The circuit court, by the decree which is complained of, confirmed the sales which had been made and reported, and refused to allow the said petition to be filed, and Luther Hurn appealed.

*W. R. Alexander, W. Byrd,* for the appellant.

*H. C. Allen,* for the appellee.

LACY, J., delivered the opinion of the court :

In September, 1867, the appellee, Keller, instituted suit against the administrator and the heirs of the said Isaac Hurn, for a settlement of the estate, and for the sale of the real estate in the hands of the heirs, of whom the appellant, Luther Hurn, was one. At the September term, 1868, a decree was rendered for an account of the estate, real and personal, and an account of the debts. At the September term, 1869, the appellant, Luther Hurn, was appointed a special commissioner to make sale of as much of the real estate as was necessary to pay the debts.

A part of the real estate was sold by this special commissioner and reported, and other real estate was not sold by the said special commissioner, but remained unsold in the hands of the heirs, and was rented out and a part of the debts paid. In 1882 another account of debts was ordered, and in 1883, upon the report of the master commissioner, it appearing that it would be necessary to sell all of the real estate of the said Isaac Hurn to pay his debts, it was so ordered at the April term of the court of the said year. At this term, appellant, who was one of the heirs of the said Isaac Hurn, moved the court to be allowed to file his petition in the cause, setting forth that he had bought out some of the heirs in a piece of the real estate and built upon it, and asking to be allowed compensation for his expenditures in erecting the said buildings, upon the ground that, while holding the land under a title believed by him to be good, he had erected the improvements. This petition the court rejected, and ordered the piece of land so built upon to be sold. The sale was made and reported to the court at the next September term, 1883. To which report the appellant excepted, again thus setting up his claim for improvements. The court overruled the exceptions and confirmed the report of sale of the said piece of land and disallowed appellant's claim for improvements. Then the appellant applied for and obtained an appeal to this court.

The appellant was a party to the suit instituted by the appellee, Keller, in 1867, both as administrator and as heir. Pending these proceedings to subject this real estate, and before the debts were paid, and after decree for sale of the same—he being directed to sell the said real estate as special commissioner—he erected these improvements. Has he any valid claim for compensation for these improvements so erected by him?

The suit in question to subject the real estate of Isaac Hurn was brought by the appellee, Keller, to subject the same to the satisfaction of his debt. The appellant claims that as this debt was paid the said suit was no notice to him of the debts of

other creditors subsequently proved in the cause, and that as he procured a deed from the other heirs of Isaac Hurn his title is not affected by the debts of the other creditors, but that under section five of chapter one hundred and twenty-seven, Code of 1873, the said creditors must look to the other heirs.

.In the case of *Ewing* v. *Ferguson*, 33 Gratt. 558, this court said, that although the original bill was not file'd as a creditors' bill the county court did not err in allowing the other creditors, on their motion, to file their petitions and to be made co-plaintiffs with the complainants, and in the reference to a master to take an account of all liens on the real estate of Ewing, deceased; that when a decree is made for an account of outstanding claims against the estate, it operates a suspension of all other pending suits of creditors, who must come in under the decree, which is considered a decree in favor of all the creditors, citing the case of *Stephenson* v. *Taverners*, 9 Gratt. 398 ; and that from the time the decree for an account was rendered it was no longer a separate creditor's suit, but was a general creditors' suit.

The bill in this case prays for discovery of both real and personal assets, and for accounts showing what disposition has been made of them, and it may be brought by the creditor complainant alone, or for himself and the other creditors of decedent. *Carter* v. *Hampton's Adm'r*, 77 Va. p. 637, citing Adam's Equity, 257 ; 1 Story's Equity Juris. secs. 54, 56–7 ; 1 Spence Equity Juris. 579, and *Duerson's Adm'r* v. *Alsop*, 27 Gratt. 229.

In the case of *Easley* v. *Barksdale and others*, 75 Va. p. 279, this court said: "The first question to be decided is, whether the land purchased by Womack from one of the heirs, is liable in his hands for a ratable share of the debts. It was certainly liable under sec. 3, chap. 127, Code 1873, before alienation by the heir." In that case the purchaser bought from the heir after suit brought, and was a purchaser *pendente lite*. He bought after the creditors had commenced their suit, and while that suit was pending, to which the heir from whom he pur-

chased was a party; and according to the doctrine of *lis pendens,*
as it prevails both at law and in equity, unless controlled by
some statute, the land conveyed to him was bound in his hands
by any decree rendered in that suit against the heir touching
that land.   This is settled law.   *Newman* v. *Chapman,* 2 Rand.
93; 2 Rob. Prac. 282.   In that suit the purchaser was pro-
tected in his purchase under sec. 5, chap. 182, of the Code 1873,
which provides that no *lis pendens* or attachment against the
estate of a non-resident, shall bind or affect a purchase of real
estate, without actual notice thereof, unless and until the same
shall be docketed, as directed by law.   In this case, while the
*lis pendens* does not appear to have been docketed, the purchaser
does appear to have had actual notice thereof.   He was a party
to the suit both as administrator and as heir, and was himself
directed, by decree entered in the cause, to sell the land in ques-
tion.   Pending these proceedings, he procured a deed from the
other heirs for their shares in the land, and proceeded to build
upon the same, under a mistaken idea, perhaps, that the other
real estate of his father would pay all the debts.   Such opinion
proving erroneous, the burdens he thus incurs appear to have
been self-imposed and voluntarily assumed.

The appellant claims, also, that if he has no valid claim to
the land purchased, he has a valid claim for the value of the
improvements there erected by him under chapter 131, §§ 30
and 34 of the Code.

In the case of *Græme* v. *Cullen,* 23 Gratt., Judge Moncure,
speaking of this statute, said that it introduced a new principle
into the law of Virginia, having been taken substantially from
the laws of New York and Massachusetts, but that it was con-
fined to cases of ejectment, or cases in which a decree or judg-
ment is rendered against any defendant for land; but that these
statutes *apply* only to a case against a defendant for land, which
he *bona fide* claims as owner thereof, under a title believed by
him to be good, and upon which he has made improvements
under such belief.   See also *Krebs* v. *Woods,* 33 Gratt. 693.

In this case the appellant, when he purchased and improved the land in question, had actual notice of the debts against the land and the pendency of the suit to subject the same to their payment. And if, pending this suit for their sale, and after decree for their sale, he being himself appointed to make the sale, he, thus notified and informed, bought and improved the land, he must be held to have done so subject to the rights of the creditors, and must bear the burden thus self-imposed. We are of opinion that there is no error in the decree complained of, and the same must be affirmed.

DECREE AFFIRMED.