## Staunton.

### PAXTON v. RICH.

#### September 13th, 1888.

1. CREDITORS' SUIT—*Decree for account—Statute of Limitations—Suspension of suits—Dead debtor—Living debtor.*—In such suit decree for an account of liens, suspends the running of the statute of limitations against *all debts* due from a *deceased* debtor's estate, and against *all liens* on the property of a *living* debtor's estate. In the former case, such decree suspends all pending suits of creditors, who must come in under the decree. In the latter case, a lien creditor, not made party to such lien creditors' suit, or not having proved his claim before the commissioner, will not be bound by proceedings in such suit; and creditors at large may proceed in their suits to judgments; for without judgment or other liens they could have no standing in the chancery court.

2. LIENS—*Debts—Remedies—Statute of Limitations.*—It is settled doctrine that though remedy on claim secured by mortgage, trust deed or vendor's lien, be barred at law, yet remedy in equity to enforce the lien is not affected by any lapse of time short of period sufficient to raise presumption of payment. *Bank* v. *Guttschlich*, 14 Peters, 19.

3. JUDGMENT LIENS—*Statutory—How long enforceable.*—Lien of judgment ceases with the judgment's life. This lien, created by statute, is not collateral to, but grows out of, judgment. So long as judgment is enforceable at law by levy of *fi. fa.* it may be enforced in equity, and no longer, unless judgment be on debt secured by mortgage, trust deed or vendor's lien. *Hutchinson* v. *Grubbs*, 80 Va. 251.

4. PRESUMPTION OF PAYMENT—*No return—Facts repelling presumption.*— The statute of 1874, represented by § 909, Code of 1887, providing that in motions against officers for money, the fact that a *fi fa.* has not been returned shall be *prima facie* evidence that the whole amount has been collected, has no application to any but such proceedings. And the facts that about a year before the *fi. fa.* went into sheriff's hands, another execution against same debtor was returned, "no effects," and that an account of liens was decreed, which the creditor could, and did,

take advantage of, repel any presumption of payment, arising from non-return of *fi. fa.* for fourteen years.

5. LEGACY—*Purchase money—Case at bar.*—A legacy to J. is charged as a lien on a tract of land of P., part of which J. purchased at a sale never confirmed.

HELD:

Sale should be confirmed, and the principal and interest of the purchase money should be charged upon the legacy.

6. PRINCIPAL AND SURETY—*Case at bar.*—J. is surety for P. on the debts sought to be collected in this suit. P. is dead, leaving estate;

HELD:

J. is entitled to have principal debtor's estate first subjected to the payment of those debts, so far as the same may suffice, to the exoneration of his own. *Penn* v. *Ingles,* 82 Va. 65.

7. VENDOR'S LIEN—*Assignment—Order of satisfaction.*—Bonds secured by vendor's lien, assigned at different times to different persons.

HELD:

They must be·satisfied out of the proceeds in the order of their assignment. *McClintic* v. *Wise,* 25 Gratt. 448.

Appeal from decree of circuit court of Botetourt county, entered May 17th, 1888, in the chancery cause wherein J. T. Paxton is complainant, and Wm. Stuart, J. W. Stuart, C. B. Thomas, A. G. Stalnaker, W. W. Rich, D. A. Snow and John S. Henderson, late sheriff and administrator of P. M. Paxton, deceased, are defendants. The decree being unfavorable to J. T. Paxton and said administrator, they appealed. Opinion states the case.

*Benjamin Haden*, for the appellants.

*F. T. Glasgow*, for the appellees.

LEWIS, P., delivered the opinion of the court.

This is the second appeal in this case. The first is reported under the style of *Paxton* v. *Stuart*, 80 Va. 873, where the principal facts connected with the litigation are stated by Judge Richardson in delivering the opinion of the court. On

that appeal this court declared all the decrees of the circuit court to be erroneous which were rendered after the death of the defendant, P. M. Paxton, on the ground that when those decrees were rendered the estate of the decedent was not represented before the court, and remanded the cause for further proceedings.

After the case went back to the circuit court, to-wit: on the 29th of November, 1887, the judgment, which is the principal subject of this appeal, was for the first time proved before the commissioner. It was recovered in the county court of Botetourt county in the name of W. W. Rich, assignee, upon one of several bonds executed by P. M. Paxton, in his life-time, to A. G. Stalnaker, with the appellant, J. T. Paxton, as his surety, for the purchase of a moiety of the tract of land designated in the record as "Soldiers' Retreat," and all of which bonds were secured by a vendor's lien on the land.

The judgment was obtained on the 19th of May, 1873, in an action commenced on the 27th of January in that year, and on the 20th of May, in the same year, a *fi. fa.* issued upon it, which has never been returned. The defendants, J. T. Paxton and the administrator of P. M. Paxton, deceased, pleaded the statute of limitations when the judgment was presented to the commissioner, and the plea was sustained by the circuit court.

We think the plea ought to have been overruled, and we think so because the bill of Stuart and others, which was filed to enforce all the liens on the real estate of P. M. Paxton, is a creditors' bill, as was said on the former appeal, and hence the running of the statute was suspended by virtue of the decree for an account of liens, which was rendered a short time before the judgment was obtained.

That one or more lien creditors of a living man, as well as of a corporation, may maintain a creditors' suit in behalf of themselves and all others similarly situated to enforce the liens binding the property of their debtor, is well settled. The point was expressly determined in *Bank of the Old Dominion* v. *Allen,* 76 Va. 200, and again in the recent case of *Preston* v. *Aston's*

*Adm'r, ante,* p. 104. In the first-mentioned case the bill was filed by a judgment creditor to subject the defendant's lands to the satisfaction of the liens thereon, and an order for an account of liens was duly made. In the progress of the cause a petition was filed, asserting a judgment which had been recovered more than ten years before the petition was filed, and upon which no execution had ever issued. The claim was accordingly resisted on the ground that the judgment was barred by the statute of limitations. But this court held otherwise, holding that the suit was a creditors' suit, and that the order for an account suspended the running of the statute. Judge Burks, in delivering the opinion of the court, said that, as soon as the order was made, all the lien creditors became parties to the suit, in a general sense, and that the statute ceased to run against the judgment from the date of the order, if not from the filing of the bill; citing *Piedmont and Arlington Life Ins. Co.* v. *Maury,* 75 Va. 508; *Harvey's Adm'r* v. *Steptoe,* 17 Gratt. 289; *Stemdale* v. *Hankinson,* 1 Sim. 393.

The settled rule, in respect to a creditors' suit for the administration of the assets of a deceased debtor, is that a decree for an account of outstanding debts operates a suspension of all other pending suits of creditors, who must come in under the decree, which is treated as a decree in favor of all the creditors; and from that date the statute of limitations ceases to run, if not from the filing of the bill. The court will also, if necessary, restrain the prosecution of separate suits, and if any creditor, after reasonable notice, declines to come in, he will be excluded from the benefit of the decree, and yet will be considered as bound by the acts done under the authority of the court. *Stephenson* v. *Taverners,* 9 Gratt. 398; *Harvey's Adm'r* v. *Steptoe,* 17 Id. 289; *Kent's Adm'r* v. *Cloyd's Adm'r,* 30 Id. 555; *Ewing's Adm'r* v. *Ferguson's Adm'r,* 33 Id. 548; *Hurn* v. *Keller,* 79 Va. 415; Story's Eq. Pl. sec. 99.

The rule, however, as is truly said in 1 Bart. Ch. Pr. p. 177, has not been carried to the extent of holding that a lien creditor

of a living man, who has not been made a party to the suit or
proved his claim before the commissioner, will be bound by the
proceedings in the suit. Nor are we aware of any principle or
authority for holding that a decree for an account of liens in a
suit against a living man operates a suspension of all pending
actions at law against him. On the contrary, it does not; but
the plaintiff in any such action may proceed to judgment, and,
when his judgment is obtained, he may come in under the decree
for an account and prove his lien in the chancery suit; for until
he obtains a judgment, unless his debt is otherwise secured, he
has no standing in the chancery suit, the object of which is the
satisfaction of secured debts only. And so here, when the judg-
ment in question was obtained, the plaintiff in the judgment
became entitled to the benefit of the decree for an account of
liens, which had been rendered in this suit, and consequently
the judgment is not affected by the statute of limitations.

In any view of the case, however, as to the effect of the statute
upon the judgment, the result is the same, so far as the right to
enforce the vendor's lien as a security for the debt represented
by the judgment is concerned. This court has repeatedly de-
cided that although the remedy on a claim secured by a mort-
gage, deed of trust, or vendor's lien may be barred at law, yet
the remedy in equity to enforce the lien is not affected by any
lapse of time short of the period sufficient to raise the presump-
tion of payment. *Hanna* v. *Wilson*, 3 Gratt. 232; *Smith's Ex'x*
v. *Washington, &c., Railroad Co.*, 33 Id. 617; *Bowie* v. *Poor
School Society of Westmoreland*, 75 Va. 300; *Stimpson* v. *Bishop*,
82 Id. 190. In the last-mentioned case it was said that the lien
remains until *the debt* it was given to secure is satisfied, and is
not affected by a judgment at law merging the original evidence
of the indebtedness.

The precise question was adjudged by the supreme court of
the United States in *Bank of the Metropolis* v. *Guttschlick*, 14
Pet. 19. In that case there was a judgment upon a note secured
by a deed of trust, and the judgment being barred by the act

of limitations, it was insisted that the deed of trust was not enforceable. The court, however, held that although the note evidencing the debt was merged in the judgment, which was barred by the statute, yet that the remedy under the deed of trust was not extinguished, though it had relation to and was intended to secure the payment of the same note. And authorities to the same effect are very numerous.

The case of *Hutcheson* v. *Grubbs*, 80 Va. 251, referred to by counsel, has no application. In that case it was held that the lien of a judgment ceases with the life of the judgment; and obviously so, because the lien is a legal lien, conferred by the statute, and is not collateral to, but grows out of the judgment itself. Hence the lien and the judgment are inseparable, and the extinguishment of the latter is the extinguishment of the former. But not so where there is a judgment for a debt secured by a mortgage, deed of trust, or a vendor's lien. There the lien is collateral to the judgment and may be enforced in equity, although the judgment be barred or annihilated.

Nor is there any proof in the record that the judgment in question has been paid. It is contended that inasmuch as there has been no return of the execution which issued upon the judgment, the presumption is that it was paid to the sheriff into whose hands the execution went. And in support of this position reference is made to the statute, now brought into section 909 of the Code of 1887, which provides that in a motion against a sheriff and his sureties to recover money received by him by virtue of an execution, the fact that the execution has not been returned according to law, shall be *prima facie* proof that the money has been collected.

But this is not a proceeding against the sheriff or his sureties, and besides, the evidence shows that when the execution went into the sheriff's hands, the principal debtor, P. M. Paxton, was not possessed of personalty out of which the execution could have been satisfied, and, that about a year prior to that time, a *fi. fa.* against the defendants was returned "no effects." And

these facts, independently of the fact that before the execution issued, an order for an account of liens had been made in the present suit, to the benefit of which, as already said, the execution creditor was entitled, and of which he afterwards availed himself, repel the presumption that the judgment has been paid; and so the circuit court held.

There was error, however, in charging against the interest on the legacy of the appellant, J. T. Paxton, as the circuit court did, an amount arbitrarily assumed as an equivalent for the rents and profits of that portion of "Soldiers' Retreat," containing two hundred and twenty-nine and one-half acres, which was purchased by the said appellant under a previous decree. In so doing, the circuit court proceeded upon the idea that the last-mentioned decree had been reversed by this court, and consequently that the land was still a part of the estate of P. M. Paxton. But this is a mistaken idea. This court, on the former appeal, declared those decrees only to be erroneous which were entered after the death of the said P. M. Paxton, but did not in its decree fix the time at which his death occurred; nor did the precise time appear from the record as it then was. After the case went back to the circuit court, however, evidence upon the point was taken, from which it appears that his death occurred in 1880, which was subsequent to the decree of sale above mentioned.

The sale ought, therefore, to have been confirmed to the said J. T. Paxton, and the amount of the sale, with interest, charged against his legacy, for which, as the evidence now shows, there is a subsisting lien on the whole of the said tract of land. For this court, on the former appeal, did not direct the lien to be charged against the Stalnaker bonds, but simply recognized *the right* of J. T. Paxton to set off the lien against those debts, if it should appear, upon further inquiry, not to have been waived or extinguished—a right he is not now insisting upon, if the sale to him is to be confirmed, as it must be. And as it appears that the said J. T. Paxton is a surety on the debts sought to be

collected in this suit, he is entitled to have the estate of the principal debtor, P. M. Paxton, deceased, first subjected to the payment of those debts, so far as it is applicable for the purpose, to the exoneration of his own. *Horton* v. *Bond,* 28 Gratt. 815; *Penn* v. *Ingles,* 82 Va. 65; *Garnett* v. *Macon,* 6 Call, 349; *Lewis* v. *Overby's Adm'r,* 31 Gratt. 601.

The circuit court ought, therefore, to have ordered an account to be taken to ascertain what estate or moneys are in the hands of J. H. H. Figgatt, late committee of the said P. M. Paxton, deceased—the record showing that there is money in his hands received as such committee—and to have taken all other necessary steps to provide for the payment of the debts out of the estate of the said P. M. Paxton, deceased, applicable for the purpose.

It is proper to add, also, that as the bonds secured by the vendor's lien were assigned at different times to different persons, they are to be satisfied out of the proceeds of the land upon which they are secured in the order of their assignment. *McClintic* v. *Wise's Adm'rs,* 25 Gratt. 448. And in the event the estate of P. M. Paxton, deceased, shall turn out to be insufficient to pay the debts in full, the property of the surety, J. T. Paxton, will then be subjected to the payment of the balance of such indebtedness.

This sufficiently disposes of the case, and renders it unnecessary to consider any other question. The decree will therefore be reversed, and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

DECREE REVERSED.