# Staunton.

## CLINT FLEMING, T. E. NEEL AND G. MARK FRENCH v. W. J. BRANHAM, ROLAND E. CHASE, CHARLES C. CHASE, SPEED MANKIN AND OTHERS.

September 22, 1927.

Absent, Prentis, P.

1. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust to Secure Sureties on Forthcoming Bond—Discharge of Deed of Trust—Payment on Forthcoming Bond by Principal with Money Partly Secured from Sureties—Case at Bar.*—In the instant case the principal in a forthcoming bond made a deed of trust of personal property to secure the sureties. The deed of trust provided that if the sureties or any of them should be required "to pay off the said bond or any part thereof, then the trustee upon request shall sell," etc. The forthcoming bond was forfeited and the principal paid a judgment on the bond by a cashier's check for $2,000.00 on a bank from which he borrowed that amount upon a note endorsed by the sureties. The deed of trust was not released. The principal failed to pay the note at maturity and it was paid by the sureties.

  *Held:* That the deed of trust to the sureties was not discharged by this payment of the judgment on the bond.

2. MORTGAGES AND DEEDS OF TRUST—*Deed of Trust of Personal Property—Recordation of Deed of Trust to Secure Sureties on Forthcoming Bond—Duty of Persons Subsequently Buying Property to Inquire Whether Sureties had Paid Part of the Judgment on Forthcoming Bond—Case at Bar.*—In the instant case trust deeds securing sureties on a forthcoming bond provided that if the sureties or any of them should be required "to pay off the said bond or any part thereof, then the trustee upon request shall sell," etc. The forthcoming bond was forfeited and the principal paid a judgment on the bond by a cashier's check for $2,000.00 on a bank from which he borrowed that amount upon a note endorsed by the sureties. Subsequently the principal sold the property which was subject to the deeds of trust and took a note for $2,000.00 secured by a deed of trust to secure payment. This note the principal assigned to appellants as collateral for their debts, amounting to $836.14, and subsequently assigned the balance

of the note to appellees, the sureties on the forthcoming bond, as security for their endorsement of the $2,000.00 note, the proceeds of which were used to pay part of the judgment on the forthcoming bond. Appellants contended that the recordation of the deeds of trust in favor of the appellees gave them no notice of a prior lien because all they had to ascertain was whether the forthcoming bond and the judgment on it had been discharged.

*Held:* That by the very terms of the trust deeds it was the duty of the appellants not only to inquire whether the forthcoming bond and the judgment had been discharged, but also whether they had been paid in whole or in part by appellees, sureties on the bond.

3. ESTOPPEL—*Mortgages and Deeds of Trust—Sureties on Forthcoming Bond—Accepting Additional Collateral—Case at Bar.*—In the instant case sureties on a forthcoming bond were secured by deeds of trust upon personal property. The bond was forfeited and judgment obtained thereon. The principal paid the judgment partly with $2,000.00, which he raised on a note endorsed by the sureties. The sureties endorsed renewals of this note for over two years, but their lien under the deed of trust was in force all the time.

*Held:* That there was nothing in this to have induced appellants to accept a note, secured on the same property, as collateral for their debts, in the absence of evidence that they were induced so to act upon the conduct or statements of appellees, the sureties on the forthcoming bond, to their injury, and the appellees were not estopped to deny the discharge of the trust deeds securing them.

4. ESTOPPEL—*Estoppel by Conduct—Certainty—Evidence.*—The evidence to establish an estoppel by conduct must be clear, precise and unequivocal. Indeed, certainty is essential to all estoppels.

5. ESTOPPEL—*Estoppel by Conduct—Essential Elements.*—The following elements must be presented in order to establish estoppel by conduct: There must have been a false representation or concealment of material fact. The representation must have been made with knowledge of the facts. The party to whom it was made must have been ignorant of the truth of the matter. It must have been made with the intention that the other party should act upon it; and the other party must have been induced to act upon it. The misrepresentation must be plain, not doubtful, nor matter of mere inference nor nonexpert opinion.

6. MORTGAGES AND DEEDS OF TRUST—*Sureties on Forthcoming Bond Secured by Deeds of Trust—Sureties Taking Additional Security—Case at Bar.*—Appellees, sureties on a forfeited forthcoming bond, were secured by deeds of trust on personal property against loss from payment of any part of the forthcoming bond. The principal paid a judgment on the bond with funds partly secured by a note endorsed by the sureties. While the sureties' deeds of trust were

in force the principal sold the property in question and took a $2,000.00 note secured by a third deed of trust as part of the purchase price. This note he assigned to secure appellants' debts and also appellees'. The property was sold under the third deed of trust.

*Held:* That at most appellees took additional security for their debt by taking an assignment of the $2,000.00 note, and this action did not estop them from claiming under their deeds of trust, nor did it constitute a waiver of rights under those deeds.

7. MORTGAGES AND DEEDS OF TRUST—*Sureties on Forthcoming Bond Secured by Deeds of Trust—Estoppel by Conduct—Case at Bar.*—In the instant case, appellees, sureties on a forfeited forthcoming bond, were secured by deeds of trust on personal property of their principal against loss. The sureties endorsed a note of their principal the proceeds of which were used in part by the principal to pay a judgment on the forthcoming bond. The sureties endorsed renewals of this note for over two years. The principal subsequently sold the property in question taking a purchase money note for $2,000.00 secured by a third deed of trust on the property as part payment. Part of this note the principal assigned to secure the debts of appellants and afterwards assigned the balance to secure appellees for their endorsement of the $2,000.00 note used to pay the judgment on the forthcoming bond. Appellees, disregarding their first deed of trust, had the trustee in the third deed sell the property and appellees appeared at the sale and bid the property in. Appellees made no claim under their prior deeds of trust from the time the judgment on the forthcoming bond was paid until after the sale under the third deed of trust did not bring enough to pay both appellants and appellees. Appellants contended that appellees were estopped to claim under their prior deeds of trust.

*Held:* That in view of the essentials of estoppel, there was no merit in appellants' contention.

Appeal from a decree of the Circuit Court of Dickenson county, on a bill of interpleader. From a decree for cross-complainants, defendants named appeal.

*Affirmed.*

The opinion states the case.

*G. Mark French* and *W. B. Phipps,* for the appellants.

*Sutherland & Sutherland* and *C. R. McCoy,* for the appellees.

CHICHESTER, J., delivered the opinion of the court.

The appellants are here upon appeal from a final decree of the Circuit Court of Dickenson county, which, among other things, decreed that John W. Flannagan, Jr., turstee, pay over to Chase, Branham and Chase, appellees, or their attorneys, the fund now in his hands amounting to $1,045.00, being the proceeds of a sale of personal property under a certain deed of trust from Sutherland to Flannagan, trustee, because, as the trial court held, appellees had a prior lien on the property under two deeds of trust from Speed Mankin to S. H. Sutherland, trustee.

The facts of the case are somewhat complicated, but the sole question in the case is whether the two deeds of trust referred to, to S. H. Sutherland, trustee, have been satisfied and should be released, or whether they are alive and constitute a lien upon the personal property thereby conveyed, prior to the lien of the deed of trust under which appellants claim and under which Flannagan, trustee, sold.

The suit was instituted by Flannagan, trustee, who had a balance of $1,045.00 in his hands, the proceeds of the sale referred to, by the filing of a bill of interpleader in which appellants and appellees, both of whom claimed first lien upon this fund, and Speed Mankin, were made defendants, asking the direction of the court in the disbursement of the fund.

Appellants filed their answer and the appellees filed their answer and cross bill, and there was an agreed statement of facts as to some features of the contro-

versy, and the depositions of several witnesses. From all these it appears that R. S. Chase, C. C. Chase and W. J. Branham were sureties on a forthcoming bond in the penalty of $10,000.00 the condition of which was that certain personal property belonging to Speed Mankin, levied on by a United States Deputy Marshal by *fieri facias* issued from the United States Court for the Western District of Virginia for the sum of $4,000.00, with costs and interest, making a total of $4,840.72, should be forthcoming on a certain date. Under this bond the property levied on was allowed to remain in the possession of Speed Mankin.

To secure the endorsers on the forthcoming bond, who are the appellees here, against loss on account of their endorsements, Speed Mankin executed two deeds of trust upon personal property, one bearing date February 24, 1921, and the other bearing date July 21, 1921. In both deeds of trust S. H. Sutherland was named as trustee, and they are designated in the record as deed of trust No. 1 and deed of trust No. 2. Deed of trust No. 1 conveyed sawmills, sawmill equipment, teams, etc., and the grantor, by consent of the parties, having traded some of the personal property conveyed by deed of trust No. 1, deed of trust No. 2 was executed to substitute other property for that which was sold, and the property conveyed was specifically impressed with the same trust as the property conveyed by the deed of trust No. 1. These deeds of trust provide that if Roland E. Chase, C. C. Chase or W. J. Branham, or any or either of them, should be required to *pay off the said bond or any part thereof* (italics supplied), then the trustee upon request shall sell, etc.

The forthcoming bond was forfeited and Speed Mankin paid the judgment taken in the United States Court upon the forfeited bond, by a check of one T. B.

Beckwith for $3,500.00 and a cashier's check for $2,-000.00 of the Dickenson County Bank, from which he borrowed that amount upon the endorsement of R. E. Chase, C. C. Chase and W. J. Branham, the appellees, but the deed of trust was not released. Speed Mankin having failed to pay the $2,000.00 note at maturity, it was, after many renewals, paid by the appellees.

Three years after the execution of the first deed of trust Speed Mankin sold the property in question to George C. Sutherland, one of the defendants to the bill of interpleader, and took from Sutherland a deed of trust to secure payment (among other purchase price indebtedness) of a note for $2,000.00 signed by Geo. C. Sutherland and payable to Speed Mankin. In this deed of trust John W. Flannagan, Jr., was named as trustee.

On July 25, 1923, Speed Mankin turned this $2,000.00 note over to Neel and Fleming (appellants here) as collateral for their respective debts due them by Mankin of $275.00 and $561.16. On May 15, 1924, Mankin assigned the balance of this note to Chase, Branham and Chase, appellees, as security for their endorsement for the $2,000.00 note, heretofore mentioned, which had been negotiated at the Dickenson County Bank and which, as stated, appellees had paid upon Speed Mankin's failure to pay it.

It thus appears that Mankin assigned the $2,000.00 note, secured to him by the Sutherland deed of trust to Flannagan, trustee, first, to secure $275.00 due Fleming; second, to secure $561.14 due Neel (appellants), and third, to secure the appellees because of the loss they had sustained by the payment, as endorsers, of the $2,000.00 note, proceeds of which had been used in part to pay the judgment of the United States District Court on account of the forfeited forthcoming bond.

Flannagan, Trustee, sold the property under the Sutherland deed of trust, and appellants claim the fund of $1,045.00 in his hands is subject—first, to their liens by assignment of the $2,000.00 note, and secondly; to the lien of appellees. The appellees contend that by virtue of deeds of trust, designated as Nos. 1 and 2 in the record, they have a first lien on the fund of $1,045.00, as it represents purchase price of property upon which they had a lien. Appellants contend, in reply, that deeds of trust Nos. 1 and 2 were satisfied when the forthcoming bond was paid by Speed Mankin and should have been released. The trustee filed his bill of interpleader as heretofore stated asking direction of the court upon the matter in controversy.

The real issue, therefore, is, whether or not the two deeds of trust referred to remain in force, or whether they were satisfied by the payment of the forthcoming bond and should, properly, have been released.

Appellants contend: First, that when Speed Mankin paid the Federal judgment with his own check the deeds of trust Nos. 1 and 2 were discharged; second, that when appellees accepted assignment of the balance of the Sutherland $2,000.00 note (which had previously been assigned to secure appellants) as security for the loss they had suffered on account of endorsements of the Mankin $2,000.00 note, they recognized the first lien of appellants on this Sutherland $2,000.00 note, and thereby waived any rights they had under deeds of trust Nos. 1 and 2, even if those deeds of trust had any validity.

[1, 2] Neither position of the appellants is tenable. While it is true that the first deed of trust (No. 1) was given primarily to secure the sureties on the forthcoming bond (appellees) against loss, it was expressly provided that "if Roland E. Chase, C. C. Chase or W. J.

Branham, or any or either of them, shall be required to pay off the said bond or any part thereof, then the trustee shall on request—sell."

It is true that Mankin actually paid the judgment but he secured $2,000.00 of the funds with which he discharged the judgment from the appellees and when they furnished $2,000.00 of the amount which Mankin used in discharging the judgment they paid part of the judgment, and put themselves within the provision of the deed of trust which declared that "if they shall be required to pay off the said bond, or any part thereof, the trustee shall sell." But appellants say Speed Mankin paid the note with a cashier's check and that the language above quoted is preceded by the provision "if the said Speed Mankin shall fail to discharge the said bond," *and* if the appellees shall be required, etc., and attention is called to the fact that it is a conjunctive requirement. The fact is, however, that so far as the $2,000.00 is concerned the appellees paid it, and Mankin did no more than make manual delivery to the United States Marshall of this amount.

As said by the learned trial judge in his opinion: "Until the original deed of trust, or the debt secured therein, has been satisfied, the beneficiaries are entitled to claim thereunder any property conveyed thereby, and if a subsequent deed of trust has been executed by Mankin for the benefit of his creditors or an assignment was made by him, fixing priorities, he cannot be relieved, nor the property in the first deed of trust be sold for subsequent creditors until the creditors in the first deed of trust have been paid, except and unless they expressly agree to permit it. Arrangement made which falls short of the payment of the debts in the original deed of trust will not prevent the creditors secured therein from claiming under the first trust deed."

We are referred to 41 C. J., page 812, section 963 (2), where it is said: "In the absence of a statutory provision to the contrary payment of the mortgage indebtedness extinguishes the lien regardless of any formal entry to that effect upon the record." The principle has no application to the situation here. The deed of trust No. 1 was executed to save the sureties harmless if they should have to pay the forthcoming bond or any part thereof, and as we have seen they were required to pay $2,000.00 of the amount. Appellants contend that the recordation of the deeds of trust Nos. 1 and 2 gave them no notice of a prior lien because all they had to ascertain was whether the forthcoming bond and the judgment had been discharged and if they were discharged the deed of trust was also. This is not so, for the reason that by the very terms of these trust deeds the forthcoming bond and the judgment had to be discharged before the rights of the appellees became complete under them. It was therefore the duty of appellants not only to inquire whether the forthcoming bond and the judgment had been discharged, but also, and particularly whether they had been paid in whole or in part by appellees. Upon this branch of the case we conclude that the assignment of error, that deeds of trust Nos. 1 and 2 have been discharged, is without merit.

. 2. The assignment of error that appellees are estopped by their conduct from claiming that the two deeds of trust were not discharged, is equally without merit. There are four grounds of estoppel alleged.

(a) They endorsed the $2,000.00 note at the bank for over two years, one year even after Geo. C. Sutherland had bought the property and had it in his possession.

(b) Chase, Branham and Chase took an assignment

under the J. W. Flannagan deed of trust subject to the payment of appellants' debts.

(c) Chase, Branham and Chase, disregarding their first deed of trust, had the trustee, J. W. Flannagan, under the second deed of trust, to sell the property and appeared at the sale and bid the property in for enough to pay appellants' debts, but not enough to pay appellees' debts.

(d) Chase, Branham and Chase made no claim under the "S. H. Sutherland, trustee, deeds of trust" from the time Mankin paid the Bartley debt until after the sale under the J. W. Flannagan deed of trust did not bring enough to pay both appellants and appellees.

[3] There is nothing in the record that indicates that appellees by their conduct put appellants in a position of disadvantage or that appellants were prejudiced or misled by anything appellees did.

(a) Appellees carried the $2,000.00 note in bank some time, endorsing renewal after renewal, no doubt in the hope that Mankin would pay it, but their lien under the deed of trust was in force all the time and there was nothing in this that induced appellants to accept a note, secured on the same property, as collateral for their debts. In view of Mankin's failing circumstances they were, no doubt, glad to take any security they could get. Geo. C. Sutherland purchased the property subject to appellees' lien, and Mankin's rights in the Sutherland $2,000.00 note were subject to their lien also. Appellants have not testified that they did not know of the claim of appellees, neither have they stated or proved that they were induced to act upon the conduct or statements of appellees to their injury, different from what they would have done but for such statement or conduct.

[4, 5] In *Taylor* v. *Cussen*, 90 Va. page 43, 17 S. E.

722, this court said: "The evidence to establish an estoppel by conduct must be clear, precise and unequivocal. Indeed, certainty is essential to all estoppels. *Bolling* v. *Mayor of Petersburg*, 3 Rand. (24 Va.) 562 and 576.

"Bigelow lays it down on the authority of numerous adjudged cases, that the following elements must be present in order to an estoppel by conduct, viz: 1. There must have been a false representation or concealment of a material fact. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party should act upon it; and 5. The other party must have been induced to act upon it. Bigelow, Estop. (3rd Ed.) 484. And the same author says further (at page 490) that the misrepresentation must be plain, not doubtful, or matter of mere inference or nonexpert opinion.

"These principles were recognized by the Supreme Court of the United States in *Brant* v. *Va. Coal and Iron Co.*, 93 U. S. 326 [23 L. Ed. 927], where it was said to be essential to the application of the principle of equitable estoppel with respect to the title of real estate that 'the party claiming to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of the title, but also of any convenient and available means of acquiring such knowledge,' and that 'where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.' "

[6] (b) It is said that appellees took an assignment under the Flannagan deed of trust subject to the pay-

ment of appellants' debts, and the sale was under this deed of trust, but the record shows that at most appellees took additional security for their debt by taking an assignment of the $2,000.00 as collateral for security for the debt due them. This action did not estop them from claiming under deeds of trust Nos. 1 and 2, nor did it constitute a waiver of rights under those deeds.

In *Jameson* v. *Rixey*, 94 Va. 344, 26 S. E. 861, 64 Am. St. Rep. 726, the law is stated as follows: "The lien is not released by taking the personal obligation of another, or other security for its payment, nor is it merged by a judgment or decree therefor, but subsists until it is clearly shown to have been waived, or released, or has been satisfied." *Coles* v. *Withers*, 33 Gratt. (74 Va.) 186; *Hanna* v. *Wilson*, 3 Gratt. (44 Va.) 243, 46 Am. Dec. 190; *Knisely* v. *Williams*, 3 Gratt. (44 Va.) 265, 46 Am. Dec. 193; *Paxton* v. *Rich*, 85 Va. 378, 7 S. E. 531, 1 L. R. A. 639, 21 R. C. L. 1053; *Bansimer* v. *Fell*, 39 W. Va. 448, 19 S. E. 545.

Appellants have not been prejudiced by appellees taking the remainder of the Sutherland note as collateral, and appellants cannot complain, and this is no ground of estoppel

[7] (c) and (d) It is clear, in view of the essentials of estoppel as above defined that there is no merit in these alleged grounds.

Upon the whole case we think the decree of the trial court was clearly right and should be affirmed.

*Affirmed.*